GLENDENNING v. SUPERIOR OIL COMPANY ET AL.

[No. 20,340.   Filed May 13, 1904.]

ESTOPPEL.—*Mortgage Foreclosure.—Sale of Sheriff's Certificate.*—The purchaser of property at foreclosure sale who, while he holds the sheriff's certificate, and is in full and complete possession, sells and delivers the property with the consent and approval of the mortgagor, and receives the purchase price, is estopped to reclaim such property after receiving the sheriff's deed.

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by Joseph Glendenning against the Superior Oil Company and others. From a judgment for defendants, the plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901.. *Affirmed.*

*F. H. Snyder,* for appellant.

*J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellees.

HADLEY, J.—The Logansport Oil Company owned forty acres of land in Jay county. It had constructed and had in operation on the land four oil-wells. The wells were of a class known in oil fields as "water wells;" that is, wells in which the inpour of salt water required constant pumping to recover oil, and the continuous services of an

attendant known as a "pumper." Prior to February, 1899, said real estate and oil-producing structures thereon, consisting of wells, buildings, engines, boilers, pipes, tanks, belts, and other machinery, were sold by the sheriff on a decretal order of foreclosure to one Neely, and on February 16, 1899, Neely, for value, assigned the certificate of purchase to appellant, who received and took the absolute and undisputed possession of all said land, oil-wells, structures, and machinery. On the next day after his purchase of the certificate, to wit, February 17, the Superior Oil Company (appellee), upon the solicitation of appellant and Logansport Oil Company, the mortgagor, bought said oil plant of appellant, under the following agreement: "State of Indiana, Adams county, ss: For value received the undersigned Joseph Glendenning of said county, do hereby sell, assign, transfer, and set over to the Superior Oil Company, a corporation, all right, title, and interest of said Joseph Glendenning in and to the oil and gas in and under the following described real estate in Jay county, State of Indiana, to wit: The southwest quarter of the northwest quarter of section two in township twenty-four north, range thirteen east, together with all engines, boilers, pipes, tanks, belts, oil-wells, and such buildings as have been erected for the production of oil, and all tools, machinery, and personal property used in the production and pumping of oil, and now on said land. In witness whereof, the said Joseph Glendenning has hereunto set his hand and seal this 17th day of February, 1899. Joseph Glendenning. [Seal.] State of Indiana, Adams county, ss: Personally appeared before me, William Drew, a notary public within and for said county, the above named Joseph Glendenning, who acknowledged the execution of the above assignment. Witness my name and notarial seal. William Drew, notary public."

Upon the execution of said agreement appellee paid appellant as the consideration for said purchase, $1,400 cash,

and thereupon appellant put appellee in the full and complete possession of all of said wells and oil producing structures and appliances. In a few days thereafter, to wit, March 6, 1899, appellant demanded and received from the sheriff, by virtue of said certificate of purchase, a deed conveying to him the title to said mortgaged premises. At the time of said foreclosure and sale, and at the time of the sale of said oil plant by appellant to appellee (February 17, 1899), the said wells were producing, and continued to the commencement of this suit (April 4, 1900) to produce, a large amount of oil.

Appellant, who was the plaintiff below, brought this action for possession of said premises, for mesne profits, and for waste in taking and removing from the premises 500 barrels of oil, and made the Superior Oil Company, James Hardison, and Earl Weist, defendants. The defendant oil company answered ownership and rightful possession of the oil plant as above set forth, and disclaimer of possession, or claim of right of possession, to the premises further than was awarded by the plaintiff and is absolutely necessary to the enjoyment of its right to mine the oil thereunder.

The defendant Weist answered that he is the company's pumper in charge of the wells, is the servant of the company, and has no possession of the premises except that he manages the pumps and resides in the dwelling-house that was erected on the premises for that purpose and is a part of the oil plant. The answer of the defendant Hardison is that he is the manager of the defendant oil company, and has never had or claimed any possession on his own account, or in any other way or manner than as manager for appellee. Appellant's demurer to the separate answers having been overruled, he refused to plead further, and judgment was rendered against him for costs. The only question presented is the sufficiency of the answers which were substantially identical.

The question, in a nut shell, is, can appellant repudiate his contract, keep the $1,400 he received for the gas plant, and dispossess appellee of the property and rights conveyed?

Appellant contends that because he held only the sheriff's certificate of purchase for the property on February 17, nothing passed to appellee oil company by the contract of that date, and that the title he subsequently acquired by the sheriff's deed did not inure to appellee's benefit. We deem it unprofitable to enter upon a discussion of the legal force of a certificate of purchase, or the relative rights of the holder and one entitled to redeem in the class of property involved, as we are invited to do, for, whatever might be said upon these subjects, certain simple and fundamental principles would at last be found controlling.

A demurrer admits the truth of all facts pleaded. It is alleged in the oil company's answer that it purchased the oil plant of appellant upon the request of the mortgagor, the person entitled to redeem; that at the time of the sale appellant was in full and absolute possession, and put appellee in unqualified possession pursuant to the contract. The right of property and the right to sell the same was at the time exclusively vested in the Logansport Oil Company, mortgagor, and appellant, as holders of the certificate of purchase. The sale to appellee was made with the participation and approval of both. The contract recites the sale and transfer to appellee oil company of all the right, title, and interest of appellant in and to all the oil and gas under the described forty acres, together with all the engines, boilers, pipes, tanks, belts, oil-wells, and such buildings as have been erected for the production of oil, and all tools, machinery, and personal property used in the production and pumping of oil, and now on the land. At the moment the contract was executed, appellant at least had such a right and interest in the property as two weeks

later, without any additional act or consideration on his part, ripened into such an estate as entitled him to demand and receive a conveyance of the absolute legal title. And if his title was not complete at the time of the sale, it was, as to him, with the price in his pocket, sufficient to estop him from reclaiming it.

The answer of appellee Weist alleges that he is the pumper in charge of said wells, as the servant of the oil company, and has no possession of the premises, except that he operates the pumps and resides in the house constructed on the land as a part of the oil plant.

The answer of Hardison avers that he has no possession of the land, and no interest in the property except as manager of appellee Superior Oil Company.

We think both these answers were good as against a demurrer.

We find no error in the record. Judgment affirmed.